Randall Knox, State Bar No. 113166
870 Market Street, Suite 820
San Francisco, CA 94102
(415) 765-7500
randallknoxlaw@gmail.com

Attorney for Rodrigo Santos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br><br>BERNARD CURRAN and<br>RODRIGO SANTOS,<br><br>　　　　Defendants. | Nos. 21-CR-00453-SI-1<br>　　　21-CR-00453-SI-2<br><br>**DEFENDANT SANTOS'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM IN OPPOSITION TO RESTITUTION FOR THE DEPARTMENT OF BUILDING INSPECTION**<br><br>Hon. Susan Illston |

At the Court's suggestion, the prosecution has submitted a supplemental accounting of past audit costs of the San Francisco Department of Building Inspection ("DBI") of every project where defendant Rodrigo Santos had any connection, however slight, between the offense dates of May 2017 through April 2020.

The audit was divided into three tiers. Tier 1 included all projects where Santos and codefendant Bernard Curran were both involved. For Santos, Tier 2 included any project involving Santos alone in a seismic hazard area. Tier 3 was every other project involving only Santos during the period of offense even though Curran was not involved.

1

Santos was convicted on his plea of guilty to one count of honest services wire fraud, a violation of 18 U.S.C. §§ 1343 and 1346. The charge was based on charitable contributions made by Santos's clients at his suggestion to the San Francisco Golden Gate Rugby Association ("SFGGR"). Codefendant Bernard Curran was a Senior Building Inspector for DBI, active in SFGGR and involved in the projects for those clients. Out of the 119 projects that involved both Santos and Curran, 13 clients made donations to SFGGR.

18 U.S.C. § 3663, then known as the Victim Witness Protection Act ("VWPA"), was amended in 1996 and renamed the Mandatory Victim Restitution Act ("MVRA"). Prior to an amendment of the VWPA in 1990, victims were entitled to restitution only for losses directly caused by the criminal act of conviction. The 1990 amendment expanded restitution to include "in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern..." 18 U.S.C. § 3663(b)(2). That expansion remained unchanged under the MVRA.

The MVRA still authorizes restitution only for losses resulting from "the direct harm of a scheme, conspiracy or pattern of criminal activity," and not for other uncharged or unrelated conduct. In U.S. v. Riley, 143 F.3d 1289, 1292 (9th Cir. 1998) the Ninth Circuit reaffirmed the limitation that restitution can be awarded only for harm directly resulting from the scheme, conspiracy or pattern of criminal activity charged. The Ninth Circuit adopted the reasoning of U.S. v. Kones, 77 F.3d 66, 70 (3d Cir. 1994) that "the harm to the victim [must] be closely related to the scheme, rather than tangentially linked."

The only DBI audit costs that are possibly attributable to criminal activity by Santos are $18,518.76 for Tier 1, projects where both Santos and Curran were involved. Arguably,

restitution should be restricted to audit costs for those 13 projects where clients donated to SFGGR since there was no allegation that Santos attempted honest services wire fraud on 106 other projects involving Curran. Based on the DBI formula for audit costs of $312.56 per property, Santos would owe restitution of $4,067.31 for the 13 projects where donations were made to SFGGR.

The audits of Tier 2 and Tier 3 properties are tangentially related at best. DBI has presented no evidence that any of the 587 properties in Tiers 2 and 3 were connected in any way to a scheme, conspiracy or pattern of honest services wire fraud.

DBI seeks a financial windfall from performing an audit of whether it did its job of issuing permits properly. The absence of any significant violations discovered during the audit underscores its purposelessness.

## CONCLUSION

For the above reasons, defendant Rodrigo Santos moves the court to limit DBI restitution audit costs to $4,067.31.

Dated: November 9, 2023                    Respectfully submitted,

                                           _____
                                           Randall Knox
                                           Attorney for Rodrigo Santos

3