Randall Knox, State Bar No. 113166
870 Market Street, Suite 820
San Francisco, CA 94102
(415) 765-7500
randallknoxlaw@gmail.com

Attorney for Rodrigo Santos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br><br>RODRIGO SANTOS,<br><br>　　　　Defendant. | Nos. 21-CR-00268-SI-1<br>　　　21-CR-00453-SI-2<br>　　　22-CR-00345-SI-1<br><br>**DEFENDANT SANTOS'S EMERGENCY MOTION FOR STAY OF SELF-SURRENDER**<br><br>Hon. Susan Illston |

　　　　Defendant Rodrigo Santos moves for a stay of his self-surrender into custody in order to resolve the refusal of the Government to credit Santos with over $800,000 of restitution paid directly to victims by Santos or his defense counsel. Santos's physical presence is needed to assist defense counsel in reconciling restitution payments to the Government's satisfaction.

　　　　This motion is filed on an emergency basis because Santos is scheduled to self-surrender no later than 2:00 p.m. on Friday, December 1, 2023. The grounds for a stay of surrender surfaced November 14, 2023, when the Government gave notice that it would not credit Santos for restitution payments of about $100,000 to Santos's clients and over $700,000 in compensation to Santos's former business partner.

1

The Government objects to a stay of surrender.

On August 25, 2023, in 21-CR-002698-SI-1, Santos was sentenced to 30 months in federal prison for bank fraud, a violation of 18 U.S.C. § 1344(2).  Santos admitted to misappropriating over $750,000 from almost 200 clients and over $700,000 from his former business partner Albert Urrutia between 2012 and 2019.

Beginning in late 2020, Santos began paying restitution directly to clients from defense counsel's client trust account. The identity of the clients and the amounts of restitution were compiled by defense counsel from discovery provided by the Government.

Before Santos was even indicted, he agreed to compensate Urrutia with transfers of jointly owned property as restitution for money that Santos had misused.

Between 2020 and October 2021 checks were mailed by defense counsel to Santos's clients totaling over $350,000.  Santos's clients cashed over $300,000 of the checks.  Over $35,000 in checks were returned as "addressee unknown, undeliverable."  Over $30,000 in checks mailed to clients were neither cashed nor returned as undeliverable.

In February 2023, at the suggestion of the prosecutor, a registry was established with the Clerk of the U.S. District Court for the Northern District of California as the vehicle for future restitution payments.  Santos has deposited $150,000 into the court registry.

On March 31, 2023, defense counsel emailed a spreadsheet to the Government that showed the dates, amounts, check numbers and payees of restitution payments made to clients.

On October 24, 2023, after extensive discussions with the U.S. Attorney's Financial Litigation Program ("FLP"), defense counsel emailed copies of the restitution checks cashed by Santos's clients to the Government.

On November 14, 2023, the Government emailed defense counsel a spreadsheet in which it denied credit for approximately $100,000 in restitution payments to Santos's clients. The spreadsheet comments section indicated the basis for the refusal to credit Santos and the email from FLP stated: "If you wish to provide further information to address any of my comments, such as information to explain the discrepancy between the payee name on your check and the named victim, please promptly send it and we will consider." The emails reflecting these discussions are attached as Exhibit 1.

In several cases where credit for restitution was denied, the Government spreadsheet comments stated "since the victim names do not match, we will not stipulate to credit as to this victim." In each of those cases the named payees were owners of the company defrauded by Santos and the payees requested that the restitution checks be payable to them personally.

In other cases where a Santos client had joint or multiple projects, the FLU credited Santos with an overpayment on one project but claimed a deficit on other projects for the same client. Some were not recorded at all even when checks were provided.

On November 21, 2023, defense counsel emailed FLU addressing some of the larger discrepancies along with copies of cashed checks and written acknowledgments of payment, although some of the acknowledgments were unsigned.

The Government also claims that Santos owes Albert Urrutia $719,883.34 as restitution. On information and belief, Santos compensated Urrutia with transfers of joint property even before Santos was indicted. Defense counsel has requested Urrutia's counsel to provide written confirmation that restitution to Urrutia has been satisfied.

Reconciling the disputes on restitution requires that Santos assist defense counsel in explaining the discrepancies. Because there were almost 200 individual victims spanning nine

years, Santos alone possesses the information necessary to address the Government's concerns and denial of credit for restitution. The volume of disputed payments makes remote communications with defense counsel infeasible.

Santos has been out of custody on all three cases since he was first charged. Accordingly, Santos has shown "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released" under 18 U.S.C. § 1343(a).

Santos and defense counsel request a stay of surrender until March 1, 2024, in order for Santos to assist defense counsel in reconciling restitution disputes.

## CONCLUSION

For the above reasons, defendant Rodrigo Santos moves the court stay his self-surrender until March 1, 2024.

Dated:  November 22, 2023                    Respectfully submitted,

                                                                                    Randall Knox
Attorney for Rodrigo Santos

4