1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  CASEY BOOME (NYBN 5101845)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Email: casey.boome@usdoj.gov
8
   Attorneys for United States of America

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,              CASE NOS.    CR 21-268-SI
                                                        CR 21-453-SI
15           Plaintiff,                                 CR 22-345-SI

16      v.                                **UNITED STATES' OPPOSITION TO
                                          DEFENDANT'S MOTION FOR STAY OF
17                                        SELF-SURRENDER**

18  RODRIGO SANTOS,

19           Defendant.                   Hon. Susan Illston

20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

On August 25, 2023, this Court sentenced the defendant to a term of 30 months' imprisonment pursuant to his pleas of guilty to Bank Fraud, Falsification of Records in a Federal Investigation, Honest Services Wire Fraud, and Tax Evasion. The sentencing hearing took place more than eight months after the defendant's January 13, 2023 guilty plea, a delay that provided time for the parties to navigate anticipated restitution issues given the number of victims involved. At the conclusion of the sentencing hearing, the Court set a self-surrender date of December 1, 2023. In addition to the sentence of imprisonment and supervised release, the Court ordered the defendant to pay a total of $1,495,296.24 restitution to more than 200 Bank Fraud victims. Of the restitution owed to the Bank Fraud victims, $719,833.24 is due to a single victim, the defendant's former business partner.

The defendant now moves to extend his self-surrender date until March 1, 2024, which would result in his surrender nearly 14 months after his guilty pleas and more than six months after this Court imposed sentence. The defendant claims that his physical presence is required to assist defense counsel in verifying payments made directly to a small subset of Bank Fraud victims. The defendant seeks an unjustified and unreasonable delay in the execution of his sentence. The Court should deny the motion because the defendant has failed to articulate a valid reason why he, and not his attorney, must seek verification of payment from the victims.

# II.    LEGAL STANDARD

Post sentencing release is governed by 18 U.S.C. § 3143, which provides that a court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any [person] in the community." If the court makes such a finding, the court "shall order the release of the person." 18 U.S.C. § 3143(a). Where, as here, the defendant does not pose a flight risk or a danger to the community, the statutes governing release and detention do not limit the sentencing court's discretion to set the time of the defendant's surrender to serve a prison sentence. The Crime Victim's Rights Act (CVRA), however, affords victims "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).

//

## III.     RESTITUTION ISSUES

Executing the Court's order of restitution to the Bank Fraud victims – the defendant's former clients and his business partner – has been complicated by the fact that, prior to sentencing, the defendant repaid some of the money that he fraudulently obtained from the victims.  To credit a defendant for past restitution payments, the District Court Clerk's Office, which is responsible for facilitating restitution payments to victims, requires either a court order or verification from the victim certifying that the victim received the restitution to which they were entitled.  *See Declaration of Manik Bowie*.  According to the Clerk's regular practice, each victim must submit to the Clerk's Office a signed letter on the victim's letterhead containing the following information: the defendant's case number, confirmation of the amount the victim received from defendant, the date the payment was received, and, if possible, a copy of the payment instrument.  *Id.* at ¶ 5.  The Clerk's Office may also credit a defendant's criminal liability balance pursuant to a Court order.  *Id.* at ¶ 6.  For example, in a case involving numerous victims such that it is not feasible to obtain verification from all victims that the defendant paid them directly, the U.S. Attorney's Office, at its discretion, and upon receiving sufficient proof of the defendant's direct payments to victims, may stipulate to a proposed order that the Clerk's Office should credit a defendant for the direct payments.  *Id.*  The parties anticipate submitting a stipulation and proposed order for the Court's consideration at the conclusion of the payment verification process.

In this case, the Financial Litigation Program (FLP) of the U.S. Attorney's Office has engaged with Mr. Santos's counsel since August of 2022 to verify the payments that the defendant claims to have made to victims.  In instances where the defendant has provided FLP with payment verification to a named victim, FLP has agreed to stipulate to the payment.  In instances where the defendant has not provided payment verification, FLP is unable to stipulate.

According to the spreadsheet referenced in the defendant's motion, Santos claims to have paid 82 victims approximately $1.18 million, including more than $700,000 to his former business partner. Based on verification provided by the defendant, the government has agreed to stipulate that the defendant made payments to approximately 70 victims, leaving only 12 victims pending verification.

*See* Def. Mot. Exh. 1 (listing the 12 victims pending verification and the amounts attributed to each). To receive credit for the restitution paid to the remaining 12 victims, Santos' attorney must request from each victim a letter containing the information required by the Clerk's Office. Among the 12 victims pending verification is Santos' former business partner, who the defendant claims to have compensated through transfers of real estate assets. *Id.* at 3. According to the defendant's motion, defense counsel has already requested written confirmation of this compensation from the attorney representing the defendant's former partner. *Id.* Defense counsel should similarly request a verification letter from the other 11 victims pending verification.

## IV. ARGUMENT

The FLP of the U.S. Attorney's Office has worked with the defendant in good faith to reach a stipulated proposed order crediting him for his payments to victims. Indeed, the FLP has gone above and beyond to accommodate the defendant during the verification process for more than a year. But ultimately, it is the defendant's responsibility to document the payments that he claims to have made to victims. It would be irresponsible for the government to stipulate that victims of a fraud scheme were paid by the convicted fraudster based solely on the defendant's say-so, without independent and objective verification.

The defendant's task is clear: through his counsel, he must request from the remaining 12 victims a letter, on the victim's letterhead, including the information required by the Court Clerk's Office – the defendant's case number, confirmation of the amount the victim received from defendant, the date the payment was received, and, if possible, a copy of the payment instrument. Defense counsel has already requested such a letter from the defendant's former business partner. Defense counsel knows the identity of each of the remaining victims (they are listed in Exhibit 1 to the defendant's motion) and is capable of contacting each victim to request the required information while the defendant serves his sentence. The defendant's motion provides no credible explanation as to why the defendant's physical presence is required for his attorney to request letters from the other 11 victims.

//

//

//

**V. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to delay his self-surrender date.

DATED: November 29, 2023

Respectfully Submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____

CASEY BOOME
Assistant United States Attorney